IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Criminal Case No. 17-cr-00235-PAB-1

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. JOHNNY JOE JUAREZ,

    Defendant.

_____

**ORDER**
_____

The matter before the Court is the Motion for Compassionate Release/Reduction in Sentence Pursuant to 18 U.S.C. § 3582(C)(1)(A) and the First Step Act of 2018 [Docket No. 296]. The government filed a response opposing the motion.[1] Docket No. 300.

## I.   BACKGROUND

On August 30, 2018, defendant Johnny Juarez pled guilty to one count of conspiracy to possess with the intent to distribute and to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846; two counts of possession with

---

[1] On March 7, 2023, the Court ordered the government to respond to the motion for compassionate release by April 11, 2023. Docket No. 297. No response was filed by that date. On May 22, 2023, defendant Johnny Juarez filed a "Motion for Default Judgement," asking the Court to "grant his motion and issue[ ] a default judgment against the government and [to] decide[ ] his Motion for Compassionate Release on the merits and without a response from the government." Docket No. 299. On May 23, 2023, the government filed its response, stating that it had "unintentionally missed the response deadline" and had filed the response immediately upon discovering its mistake. Docket No. 300 at 1. Defendant has not shown that he has been prejudiced by the government's untimely response, and the Court will grant the government's request to file its response out of time.

the intent to distribute and distribution of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A); one count of possession with the intent to distribute methamphetamine, cocaine, and heroin or aiding and abetting the same in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and (b)(1)(C), and 18 U.S.C. § 2; and one count of possession of a firearm during and in furtherance of a drug trafficking crime or aiding and abetting the same in violation of 18 U.S.C. §§ 924(c)(1)(A)(i) and 2.  Docket Nos. 205, 206.  On May 24, 2019, the Court sentenced Mr. Juarez to 180 months imprisonment, followed by five years of supervised release.  Docket No. 265; see also Docket No. 267 at 3-4.  Mr. Juarez is currently imprisoned at FPC Yankton, a federal prison camp in South Dakota, and has a projected release date of April 10, 2030.  *See* Federal Bureau of Prisons, Inmate Locator, https://www.bop.gov/inmateloc/.

On February 9, 2023, Mr. Juarez filed a pro se motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).  Docket No. 296.  Mr. Juarez argues that the risks he faces from COVID-19 due to his asthma constitute extraordinary and compelling reasons warranting his release.  *Id.* at 16–31.  The government raises three arguments in response to the motion: (1) Mr. Juarez's failure to exhaust administrative remedies; (2) Mr. Juarez's failure to demonstrate extraordinary and compelling circumstances; and (3) the 18 U.S.C. § 3553 factors weigh against a sentence reduction.  Docket No. 300 at 3–6.

II.     **LEGAL STANDARD**

Under 18 U.S.C. § 3582(c)(1)(A)(i), known as the "compassionate release" provision, a district court may grant a motion by the defendant or the director of the Bureau of Prisons ("BOP") for a reduction of sentence if three requirements are met. *See United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021).  The requirements

are that "(1) the district court finds that extraordinary and compelling reasons warrant such a reduction; (2) the district court finds that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and (3) the district court considers the factors set forth in § 3553(a), to the extent that they are applicable." *Id.* A court need not address all of the steps if one of them demonstrates that a defendant is not entitled to compassionate release. *Id.* at 1043.

Although the Sentencing Commission has identified four categories of extraordinary and compelling reasons that may warrant a sentence reduction, *see* U.S.S.G. § 1B1.13, cmt. n.1, this policy statement is not applicable under the First Step Act when a motion is brought by a defendant. *See McGee*, 992 F.3d at 1050. Rather, it is within the Court's discretion to determine whether extraordinary and compelling reasons justify compassionate release. *See id.* (reasoning that, because the guidelines are not "applicable" they "cannot constrain district courts' discretion" (citation omitted)). However, a court may conclude that the application notes to U.S.S.G. § 1B1.13 "still provide[] the best definition and description of 'extraordinary and compelling reasons.'" *United States v. Carr*, 851 F. App'x 848, 853 (10th Cir. 2021) (unpublished).

Additionally, a district court may grant a sentence reduction upon motion of the defendant only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Section 3582(c)(1)(A)'s exhaustion requirement is a mandatory "claim-processing rule," not a jurisdictional rule. *United States v. Hemmelgarn*, 15 F.4th 1027, 1031 (10th Cir. 2021) (holding that the government waived exhaustion argument by failing to raise it on appeal). "[T]he

exhaustion requirement, though nonjurisdictional, remains a mandatory claim-processing rule that the court must enforce when the government invokes it." *United States v. Gieswein*, 2021 WL 4852420, at *2 n.2 (10th Cir. Oct. 19, 2021) (unpublished); *see also United States v. Johnson*, 849 F. App'x 750, 753 (10th Cir. 2021) (unpublished) ("In this circuit, however, § 3582(c)(1)(A)'s exhaustion requirement is mandatory, rather than judicially waivable."). The defendant has the burden to prove that he exhausted his administrative remedies under § 3582(c)(1)(A). *United States v. Segura*, 2023 WL 3934663, at *1 (D.N.M. June 9, 2023) (citing *Hemmelgarn*, 15 F.4th at 1029).

### III.   ANALYSIS

The Court first addresses exhaustion because the government has raised the issue. *See* Docket No. 300 at 3; *see also Hemmelgarn*, 15 F.4th at 1030–31; *Gieswein*, 2021 WL 4852420, at *2 n.2. Mr. Juarez's motion states that he "filed a Motion for Compassionate Release to Warden, FPC Yankton and he did not receive any response yet. Because BOP failed to file a motion on Juarez's behalf, exhaustion of administrative remedies is not an issue in this case." Docket No. 296 at 16. The government responds that "[t]he defendant indicates he has exhausted administrative remedies by filing a motion for compassionate release to his Warden at FPC Yankton, however he provides no date of that filing nor does he provide copies to confirm he has exhausted administrative remedies." Docket No. 300 at 3. The government asserts that "[a] review of the BOP administrative remedies database shows he has not filed a request for administrative remedy." *Id*. Mr. Juarez replies that, "[w]hile he may not have included the[ ] specific details in the motion, it is essential to recognize that the court should consider the substance of his claims rather than being overly strict on procedural

4

requirements." Docket No. 304 at 2. He maintains that "the court should focus on whether [he] has genuinely exhausted administrative remedies, and if so, the lack of specific dates should not be a rigid barrier to considering the case." *Id.* at 2–3.

The Court finds that Mr. Juarez has failed to demonstrate that he exhausted his administrative remedies. Mr. Juarez does not provide a copy of the compassionate release request he claims he submitted to the BOP or the date of such request in either his motion or his reply. The government represents that the BOP has no record of any request. Docket No. 300 at 3. The statements in Mr. Juarez's motion regarding exhaustion are conclusory. For these reasons, the Court finds that Mr. Juarez has not exhausted his administrative remedies. *See United States v. Ramirez*, No. 14-cr-00249-PAB, 2022 WL 1092180, at *3 (D. Colo. Apr. 12, 2022) (holding that defendant failed to exhaust administrative remedies because the government represented that the prison had no record of defendant's compassionate release request and defendant provided no proof of his request or the denial); *United States v. Porter*, 2023 WL 3721387, at *1 (D. Kan. May 30, 2023) (same); *United States v. Verdin-Garcia*, 2023 WL 3019685, at *2 (D. Kan. Apr. 20, 2023) (same). Therefore, the Court finds that Mr. Juarez has not shown that he is entitled to compassionate release and will deny the motion.

In light of the fact that the government's response was untimely and the fact that administrative exhaustion is a waivable issue, the Court will, in the alternative, consider whether Mr. Juarez has demonstrated extraordinary and compelling reasons to warrant his release. The Court finds that he has not. Mr. Juarez argues that the risks he faces from COVID-19 present extraordinary and compelling circumstances. Docket No. 296 at 16. Mr. Juarez principally argues that he is at a higher risk from COVID-19 because

of his asthma, although he also notes that he suffers from chronic rhinitis, moderate alcohol and cannabis use disorder, mild stimulant disorder, eye problems, and dental problems.  *Id.* at 16–17, 21.  He also notes that, as a forty-year-old man, he is at a higher risk of death from COVID-19 than a person aged 29 or younger.  *Id.* at 18; Docket No. 304 at 2.

"The existence of the COVID-19 pandemic no doubt can be described as extraordinary insofar as it is beyond what is usual, customary, regular, or common." *United States v. Gonzalez*, 467 F. Supp. 3d 1075, 1079 (D. Colo. 2020) (citations, alterations, and quotations omitted).  "However, because the apposite test is stated in the conjunctive, the dangers presented by the pandemic – which impact us all, worldwide – also must be 'compelling' in [the movant's] particular circumstances."  *Id.*; *see also United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison cannot independently justify compassionate release").  "[F]or the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release."  *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021).

Mr. Juarez's motion does not disclose whether he has been vaccinated against COVID-19.  *See* Docket No. 296.  Moreover, Mr. Juarez presents no reason why the availability of an effective vaccine, which he could be inoculated with, as millions of persons have, does not reduce the risk of harm from COVID-19 exposure to the point that such risk is no longer an extraordinary reason for immediate release.  *Broadfield*, 5 F.4th at 803.  Accordingly, the Court finds that Mr. Juarez's assertions regarding COVID-19 do not demonstrate extraordinary and compelling reasons for a sentence

reduction.  *See United States v. Carter*, 2021 WL 1310784, at *3 (E.D. Mich. Apr. 8, 2021) (finding no extraordinary and compelling reasons when a defendant declines the vaccine); *United States v. Gonzalez Zambrano*, 2021 WL 248592, at *5 (N.D. Iowa Jan. 25, 2021) ("It would be paradoxical to endorse a system whereby a defendant could manufacture extraordinary and compelling circumstances for compassionate release by unreasonably refusing the health care afforded to them.").  Moreover, Mr. Juarez has presented no evidence that his asthma and other medical conditions are not being adequately treated during his incarceration.  As such, the Court finds that Mr. Jaurez has not shown extraordinary and compelling circumstances that warrant his release.  For this additional reason, the Court will deny the motion.[2]

## IV.     CONCLUSION

It is therefore

**ORDERED** that the Motion for Compassionate Release/Reduction in Sentence Pursuant to 18 U.S.C. § 3582(C)(1)(A) and the First Step Act of 2018 [Docket No. 296] is **DENIED**.  It is further

---

[2] Mr. Juarez attaches an affidavit from his grandmother, who is currently taking care of Mr. Juarez's children, which indicates that she is the only family member able to provide care for the children and that this has been a hardship for her.  Docket No. 304 at 3.  First, "arguments raised for the first time in a reply brief are generally deemed waived."  *United States v. Harrell*, 642 F.3d 907, 918 (10th Cir. 2011).  Second, Mr. Juarez has presented no evidence that the children are not being adequately cared for by his grandmother and, therefore, has not shown that the care arrangement presents extraordinary and compelling circumstances that warrant his release.  *See* U.S.S.G. § 1B1.13(b)(3)(A) (compassionate release may be justified upon "[t]he death or incapacitation of the caregiver of the defendant's minor child").

**ORDERED** that the Motion for Default Judgment [Docket No. 299] is **DENIED**.

DATED August 19, 2024.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge